In the Matter of JOHN F. O'NEIL, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, March 22, 1946.

*S. C. Lewis* of counsel (*Einar Chrystie*, attorney), for petitioner.

No appearance for respondent.

*Per Curiam.* Charges of professional misconduct were preferred against the respondent by the Association of the Bar of the City of New York. The matter was referred to an official referee who has reported that the charges were fully established. The record now before this court on the petitioner's motion to confirm the report fully sustains the conclusion reached by the official referee.

The respondent falsely represented to a client that $6,000 was necessary to settle a claim against her. Without the knowledge of his client, the respondent settled the claim for $250 and converted to his own use the balance of $5,750. In connection with the services rendered by him he obtained from the client sums aggregating $2,400 upon misrepresentations as to the value of and the necessity for his legal services.

The subject matter of the charges herein has been litigated in the United States District Court for the Southern District of New York on two occasions. In civil proceedings Mrs. Spotts recovered a judgment of $8,403.71 against the respondent. She claimed that he misappropriated $5,750 given to him to settle the claim and that she had paid him a fee of $2,400 under a mistake of fact. The respondent did not appeal from the judgment so entered. Thereafter a disciplinary proceeding was instituted in that court against the respondent upon the same facts. An order of disbarment was entered on August 13, 1941. An appeal therefrom taken by the respondent to the Circuit Court of Appeals, Second Circuit, was dismissed on February 10, 1942. Although the respondent appeared before the Grievance Committee of the Association of the Bar of the City of New York, he did not appear on the hearings before the official referee. He has also defaulted on this motion to confirm the report of the official referee.

The record clearly establishes the misconduct of the respondent and demonstrates his unfitness to remain a member of the legal profession. The respondent should be disbarred.

MARTIN, P. J., TOWNLEY, GLENNON, DORE and CALLAHAN, JJ., concur.